La PORTE CONSTRUCTION COMPANY, INC. and Floyd G. Dicus, Plaintiffs-Appellants,

v.

BAYSHORE NATIONAL BANK OF La PORTE, TEXAS, Defendant-Appellee,

and

Arthur Andersen & Co., Defendant.

No. 86–2090.

United States Court of Appeals, Fifth Circuit.

Dec. 17, 1986.

Leymon L. Solomon, Chamberlain, Hrdlicka, White, Johnson & Williams, Houston, Tex., for plaintiffs-appellants.

Morton L. Susman, Susman & Kessler, Houston, Tex., for Bayshore.

Before THORNBERRY, DAVIS, and HILL, Circuit Judges.

THORNBERRY, Circuit Judge:

La Porte Construction Company, Inc., and its sole owner, Floyd G. Dicus, appellants, filed suit against Bayshore National Bank of La Porte, Texas ("Bayshore") and

Arthur Andersen & Co., alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"), state law fraud, breach of fiduciary duty, conversion, negligence, and theft. The district court dismissed the federal and state claims as barred by the statute of limitations. It also found the RICO claim deficient because appellants failed to plead an "enterprise" that was separate and distinct from defendant Bayshore. Appellants filed a motion to clarify and amend the judgment of dismissal, requesting the trial court to dismiss the state claims for want of subject matter jurisdiction rather than decide them on the merits. We affirm the district court's dismissal of the federal law claims on the basis of the statute of limitations, but reverse the district court's denial of the motion to amend and clarify the judgment.

### Facts

In deciding the propriety of the Rule 12(b)(6) dismissal, we take all of the facts alleged in appellants' complaint as true. *Kaiser Aluminum v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). Accordingly, we recount the facts solely as presented in appellants' complaint. La Porte and Dicus maintained deposit accounts with Bayshore from July 1971 through December 1975. Gerald Hoff, Bayshore's president, and William Boaze, its vice-president, conspired with Bruce Angel, a Bayshore director, to confiscate or embezzle several hundred thousand dollars from certain Bayshore accounts for their personal use. Boaze and Hoff were convicted in 1977 of misapplying funds from various depositor accounts, none of which, however, belonged to appellants.

In 1977, Bayshore sued La Porte, alleging that La Porte had benefited from the embezzlement scheme of Boaze and Hoff. Bayshore took a nonsuit in 1983 after failing to respond to La Porte's discovery requests. Subsequently, La Porte made several requests for information regarding 350 or more specific withdrawals Boaze had made from La Porte's account. When these went unanswered, La Porte sued Bayshore in April 1985, alleging RICO violations and pendent state claims for fraud.

Bayshore and Andersen moved to dismiss under Rule 12(b)(6) on the grounds that appellants' claims were barred by the applicable statute of limitations and that appellants failed to properly plead a RICO cause of action because appellants did not allege an enterprise that was separate and distinct from the defendant Bayshore. The district court dismissed appellants' complaint on both grounds. Appellants then filed a motion to amend and clarify the judgment of dismissal, which requested that the district court dismiss the state claims for lack of subject matter jurisdiction rather than decide them on the merits. The district court refused. In their memorandum in opposition to defendants' motion to dismiss, appellants did not address defendants' argument that the applicable statute of limitations barred appellants' claims. Appellants' sole argument in that memorandum was that RICO did not require a separate and distinct enterprise. Moreover, appellants never requested leave to amend their complaint.

### Statute of Limitations

The district court dismissed appellants' action on the pleadings. In reviewing that dismissal, we must accept as true all the facts pleaded in the complaint and liberally construe appellants' complaint in their favor. In addition, we must set aside the dismissal unless "it appears beyond doubt that [appellants] can prove no set of facts in support of [their] claim that would entitle [them] to relief." *Kaiser Aluminum*, 677 F.2d at 1050. Nevertheless, "a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." *Id.*

Because there is no statute of limitations for RICO violations, analogous state statutes apply. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975) (§ 1981 action); *Chevron Oil Co. v. Huson*,

404 U.S. 97, 104, 92 S.Ct. 349, 354, 30 L.Ed.2d 296 (1971) (Lands Act). Analogous state causes of action include conversion, trespass, negligence, and theft, all of which have a two-year limitations period, Tex.Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon 1986), and fraud, which has a common law two-year period, *Mooney v. Harlin*, 622 S.W.2d 83, 84 (Tex.1981). Fraud arising out of written transactions, *Gibbs v. Main Bank of Houston*, 666 S.W.2d 554, 558 (Tex.App.—Houston [1st Dist.] 1984, no writ), and all actions for which there is no specified period, Tex.Civ.Prac. & Rem.Code Ann. § 16.051 (Vernon 1986), are covered by a four-year period. Although the limitations period derives from Texas law, we determine the time at which the limitations period begins to run under federal law: the period of limitations does not commence until the injured party discovers, or, in the exercise of reasonable diligence, should have discovered, the alleged fraud. *See Breen v. Centex Corp.*, 695 F.2d 907, 911 (5th Cir.1983) (10b(5) cause of action); *see also Bowling v. Founders Title Co.*, 773 F.2d 1175, 1178 (11th Cir.1985) (civil RICO action), *cert. denied*, —— U.S. ——, 106 S.Ct. 1516, 89 L.Ed.2d 915 (1986); *Alexander v. Perkin Elmer Corp.*, 729 F.2d 576 (8th Cir.1984) (same); *Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir.1984) (same).

■ We hold that appellants' complaint indicates beyond doubt that the limitations period has run on their RICO cause of action. The alleged fraud took place between 1971 and 1975. In 1977, Hoff and Boaze were both convicted of misapplying funds from depositors' accounts. Although Hoff and Boaze were not convicted of misapplying funds from appellants' accounts, the conviction should have put appellants' on notice that something was wrong. Moreover, when Arthur Andersen & Co., appellee Bayshore, and appellants' accountant all claimed that appellants owed Bayshore money, the exercise of reasonable diligence would have led to the discovery of the fraud. Appellants alleged:

(a) The sum of $114,221.30 was diverted from the deposits of La Porte by Boaze and co-conspirators unknown to Plaintiffs, which was not reflected by bank records as deposits to the account of La Porte.

(b) The sum of $270,217.85 was appropriated from the demand deposits of La Porte by Boaze and co-conspirators unknown to Plaintiffs, by entries of advice of charge, "checking charge", "Bank Charges", and cashier's checks.

(c) That in addition to the foregoing monies, Boaze and persons unknown to La Porte did have occasion to further remove, in a means unknown to Plaintiffs, the sum of $240,459.92, discovered in connection with a complete analysis of the bank records of La Porte.

We hold that reasonable diligence in light of Boaze and Hoff's conviction and Bayshore's claim that appellants' owed it $260,000 would have included investigating those bank charges to determine whether they were valid. In addition, reasonable diligence would have included "a complete analysis of the bank records of La Porte." Whether governed by a two-year or a four-year statute of limitations, appellants' action is barred because at the very latest, the limitations period began to run in 1977 after Bayshore filed suit against appellants.

Because we affirm the district court's dismissal of appellants' RICO claims on the statute of limitations ground, we do not reach the question of whether a RICO action requires an enterprise that is separate and distinct from the RICO defendant.

■ Generally, when a court dismisses a complaint under Rule 12, the court should allow the plaintiff leave to amend his complaint to correct the defect. *See Griggs v. Hinds Junior College*, 563 F.2d 179 (5th Cir.1977); *Hines v. Wainwright*, 539 F.2d 433 (5th Cir.1976). Although leave to amend should be freely given, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), this is not a case in which the trial court denied appellants leave to amend. Appellants never requested leave to amend. Appellants first argued that their federal RICO claims were not

time barred in this court. On these facts, we hold that appellants are not entitled to a remand for the purpose of amending their complaint.

### Pendent Jurisdiction of the State Claims

■ Appellants also argue that the trial court abused its discretion by exercising pendent jurisdiction over its state law claims after dismissing the federal RICO action. Appellants argue that the district court should have dismissed its state law claims without prejudice for lack of subject matter jurisdiction.

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (footnotes omitted). In a later case, the Supreme Court clarified *Gibbs* by holding that the decision whether or not to exercise pendent jurisdiction after dismissing the federal causes of action is within the discretion of the district court. *Rosado v. Wyman*, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

"The cases thus speak with a single voice on what a court is to do with pendent state law claims when the litigant's federal cause of action has been dismissed at a preliminary stage." *Ingram Corp. v. J. Ray McDermott & Co., Inc.*, 698 F.2d 1295, 1318 (5th Cir.1983) (citing eleven cases). Judicial economy does not argue for the exercise of pendent jurisdiction in this case. Because the trial court dismissed the case at such an early stage, there is no commitment of federal judicial resources. *See Hudak v. Economic Research Analysts, Inc.*, 499 F.2d 996, 1001 (5th Cir.1974), *cert. denied*, 419 U.S. 1122, 95 S.Ct. 805, 42 L.Ed.2d 821 (1975). Although the issue under Texas law of when the statute of limitations begins to run may be similar to the federal issue on that same question

that we decide today, we are mindful of the Supreme Court's caution in *Gibbs* against unnecessary decisions of state law. Decisions of this circuit in which we have exercised pendent jurisdiction to decide state claims when the federal claims were dismissed before trial are distinguishable. In *Ingram*, "[i]n very substantial measure, the [state law] question ha[d] been fully litigated in the court below." *Ingram*, 698 F.2d at 1320 n. 28. In *Hudak*, the district court had already tried both the federal and the state claims, and that case thus presented the situation in which substantial federal judicial resources had been committed to the resolution of the state law claim. 499 F.2d at 1001. Here, because the trial court dismissed the case on the pleadings, there was no substantial commitment of federal judicial resources.

For the same reasons as above, fairness to the litigants does not argue for exercising pendent jurisdiction. The defendants have not devoted substantial time and effort to defending the state claim in federal court. Moreover in appellee Bayshore's memorandum in support of its motion to dismiss, Bayshore argued that the state claims "should be determined in the courts of the State of Texas."

### Conclusion

We affirm the district court's dismissal of the RICO cause of action as time barred. We reverse the district court's denial of appellants' Motion to Clarify and Amend Judgment of Dismissal and remand the case with instructions to dismiss appellants' state claims without prejudice for want of subject matter jurisdiction.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.