Timothy JORDAN, Plaintiff,

v.

U.S. WEST DIRECT COMPANY, et al., Defendants.

No. 88–C–1982.

United States District Court, D. Colorado.

July 21, 1989.

Clifford L. Beem and Stuart D. Mann, Denver, Colo., for plaintiff.

John M. Husband and Judith A. Biggs, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

In this employment discrimination case, the plaintiff has filed an amended complaint in which his First and Second Claims are based exclusively on Title VII, 42 U.S.C. §§ 2000e *et seq.*, while his Third and Fourth Claims are based on Title VII and 42 U.S.C. § 1981. Defendants have filed two motions to dismiss. One motion addresses the Fourth Claim's Title VII basis, and the other motion addresses the Third and Fourth Claims asserted under § 1981. Plaintiffs have responded by opposing the motions. Jurisdiction is based on 42 U.S.C. § 2000e–5, and 28 U.S.C. §§ 1331 and 1343.

In their motion filed May 22, 1989, the defendants contend that the Title VII basis for the Fourth Claim asserting retaliatory demotion cannot survive dismissal because the plaintiff has failed to exhaust his administrative remedies regarding that claim. In response, the plaintiff asserts that he was retaliated against because he spoke out against discrimination and instigated an internal investigation at the defendant U S West, both of which are protected activities. According to the plaintiff, he stated in his "Discrimination Statement" to the Colorado Civil Rights Commission that the internal EEO (Equal Employment Opportunity) investigator intentionally misrepresented the plaintiff and others in her investigation of the plaintiff's discrimination charges.

As emphasized by the defendants, a Title VII claim may not be filed in federal court unless the claim first has been presented to the appropriate administrative agencies. *Johnson v. General Electric,* 840 F.2d 132, 139 (1st Cir.1988). However, unexhausted claims may proceed if they sufficiently relate to the claims presented for administrative review, and if they fall within the scope of those claims or arise from the investigation of those claims. *Waiters v. Parsons,* 729 F.2d 233 (3d Cir. 1984).

On July 7, 1987, the plaintiff filed a discrimination charge with the Colorado Civil Rights Commission ("CCRC") against the defendant U S West. Based on the information contained in the plaintiff's response, I cannot find with assurance that the plaintiff's retaliation claim does not relate to the discrimination charge that he filed with the CCRC. Defendants' motion to dismiss the Fourth Claim for retaliation based on Title VII is denied without prejudice.

In their other motion to dismiss, filed June 23, 1989, the defendants contend that the § 1981 aspects of the Third and Fourth Claims should be dismissed based on *Patterson v. McLean Credit Union,* — U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). The Supreme Court there held that "racial harassment relating to the conditions of employment is not actionable under § 1981 because that provision does not apply to conduct which occurs after the formation of a contract and which does not interfere with the right to enforce established contract obligations." *Id.* at ——, 109 S.Ct. at 2369.

In his Third Claim, the plaintiff alleges that he was demoted to a non-managerial position on February 16, 1987, and that the defendants' actions in this demotion amount to purposeful discrimination. Amended Complaint, paras. 28 and 29. Paragraphs 30 through 34 allege incidents

of workplace harassment against the plaintiff. In his Fourth Claim, the plaintiff asserts several incidents that allegedly amount to retaliation, including the alleged wrongful demotion mentioned in the Third Claim.

In *Patterson*, the Supreme Court determined that § 1981, by its plain terms, protects the right "to make contracts" and "to enforce contracts." In discussing the meaning of these rights, the Supreme Court stated:

"... The first of these protections extends only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment. The statute prohibits, when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms. But the right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions. Such postformation conduct does not involve the right to make a contract, but rather implicates the performance of established contract obligations and the conditions of continuing employment, matters more naturally governed by state contract law and Title VII...."

"The second of these guarantees, 'the same right ... to ... enforce contracts ... as is enjoyed by white citizens,' embraces protection of a legal process, and of a right of access to legal process, that will address and resolve contract-law claims without regard to race. In this respect, it prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, and this is so whether this discrimination is attributed to a statute or simply to existing practices. It also covers wholly *private* efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations, as well as discrimination by private entities, such as labor unions, in enforcing the terms of a contract...." *Id.* at ——, 109 S.Ct. at 2372-73.

■ *Patterson* clearly holds that racial harassment in the workplace, actionable under Title VII, is no longer actionable under § 1981. I thus find and conclude that the plaintiff's allegations of harassment, including the purposeful discriminatory demotion, no longer state a claim under § 1981. In so ruling, I note that the petitioner in *Patterson* included in her allegations that she was passed over for a promotion. The Supreme Court considered this failure to promote claim separately, stating that "the question whether a promotion claim is actionable under § 1981 depends upon whether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer. If so, then the employer's refusal to enter the new contract is actionable under § 1981." *Id.* at ——, 109 S.Ct. at 2377. In the case of an alleged wrongful demotion, as opposed to a failure to promote, there is no refusal by the employer to enter into a new contract with the employee. Wrongful demotion allegations thus are included in racial harassment at the workplace.

Plaintiff argues that *Patterson* should not be applied retroactively. Since the plaintiff still may use Title VII as a basis for his harassment claim, I do not find that substantial inequitable results will be produced by applying the *Patterson* decision to the plaintiff's action.

Defendants' motion to dismiss the plaintiff's Third Claim to the extent that it is based on § 1981 is granted.

■ I am not convinced, however, that the plaintiff's allegations of retaliation contained in the Fourth Claim should be dismissed under *Patterson*. The *right to enforce contracts* extends to private efforts to obstruct nonjudicial methods of adjudicating disputes involving discrimination. Plaintiff alleges that he was retaliated against because he complained of discrimination and instigated an investigation regarding his charges. These allegations fall

within the coverage afforded by the right to enforce contracts contained in § 1981. I therefore conclude that the plaintiff's retaliation claim set forth in his Fourth Claim can be based on § 1981. Defendants' motion to dismiss the Fourth Claim is denied.

Since my ruling involves the interpretation of newly announced Supreme Court precedent, I encourage the parties to bring to my attention pertinent case authority interpreting the *Patterson* decision. I would not look with disfavor on either party asking for reconsideration as long as that request is supported by pertinent case law.

Accordingly, it is ORDERED that:

(1) Defendants' motion to dismiss filed May 22, 1989, seeking dismissal of the plaintiff's Fourth Claim to the extent that it is based on Title VII, 42 U.S.C. § 2000e *et seq.*, is denied;

(2) Defendants' motion to dismiss the plaintiff's Third and Fourth Claims as based on 42 U.S.C. § 1981, filed June 23, 1989, is granted in part and denied in part;

(3) Plaintiff's Third Claim based on § 1981 is dismissed from the amended complaint and this action;

(4) Defendants' motion to dismiss the Fourth Claim based on § 1981 is denied; and

(5) The parties and their counsel are ordered to meet and confer within eleven days in an effort to settle this case without further costly and time consuming litigation, and to report the results of their efforts in writing to this court within fifteen days.