**Robert W. GREGGS, Plaintiff,**

v.

**HILLMAN DISTRIBUTING CO., Defendant.**

Civ. A. No. H–85–6742.

United States District Court,
S.D. Texas,
Houston Division.

Sept. 7, 1989.

Ray L. Shackelford, Evans, Shackelford & Associates, P.C., Houston, Tex., for plaintiff.

Neil Martin and Nancy Patterson, Fulbright & Jaworski, Houston, Tex., for defendant.

## AMENDED MEMORANDUM OPINION AND ORDER

HARMON, District Judge.

Defendant moves to dismiss the above captioned and numbered cause on the basis that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The Court has considered the motion, the response, the reply to the response, and the oral arguments of counsel at a hearing. For the reasons set forth below, Defendant's motion is granted and the case is dismissed.

Plaintiff, a black male, sued his former employer, alleging racial discrimination under 42 U.S.C. § 1981 in the following acts:

1. Using methods of evaluating the performance of the Plaintiff which were contrary to policy and harsher than methods used to evaluate others.

2. Denying Plaintiff the opportunity for promotions for which he was qualified.

3. Paying Plaintiff a lesser salary than white employees with less seniority and lower sales volume than the Plaintiff.

4. Applying a different procedure for discharge and/or selection of Plaintiff for reduction in force even though Plaintiff had more seniority and a higher sales volume than others who were retained by Defendant, and even though Plaintiff's job performance had been rated as excellent.[1]

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the district court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts in the complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *La Porte Constr. Co. v. Bayshore Nat'l Bank,* 805 F.2d 1254, 1255 (5th Cir. 1986). Dismissal of a claim is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief. *Scheuer,* 94 S.Ct. at 1686 (quoting *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). The court should ordinarily grant a request for leave to amend when the plaintiff's pleading is defective.[2] *See La Porte Constr. Co.,* 805 F.2d at 1256.

Section 1981 provides, in relevant part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens...." 42 U.S.C.A. § 1981 (West 1981). In *Patterson v. McLean Credit Union,* — U.S. —, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the Supreme Court recently delineated the parameters of § 1981 in the context of employment discrimination. Ms. Patterson, a black woman, brought a § 1981 action against her former employer, claiming that the employer had violated § 1981 by harassing her, failing to promote her, and then discharging her, all because of her race.[3] The district court refused to submit Ms. Patterson's claim of racial harassment to the jury, concluding that claims of racial harassment are not actionable under § 1981. The district court submitted the claims for failure to promote and for discharge.

The Supreme Court considered the district court's determination that § 1981 does not encompass claims of racial harassment and its jury instruction on the claim for failure to promote.[4] The Supreme Court made forcefully clear that claims actionable under § 1981 are limited to those redressing discrimination in the " 'mak[ing] and enforce[ment]' of contracts alone," and

---

1. Original Complaint at 4, ¶ 6.

2. Leave shall freely be given when justice so requires. Fed.R.Civ.P. 15(a).

3. Ms. Patterson also brought a state law tort claim.

4. Before considering whether Ms. Patterson's claims were actionable under § 1981, the Supreme Court affirmed its established precedent that § 1981 proscribes racial discrimination in the making and enforcement of private contracts.

that claims outside the scope of these two specific rights, such as claims for racial harassment, are not actionable. *Id.*, 109 S.Ct. at 2372; *see Rathjen v. Litchfield,* 878 F.2d 836, 842 (5th Cir.1989).

The first of these protections, the proscription against racial discrimination in the making of contracts, extends only to the formation of contracts and does not include postformation conduct of the employer, including breach of the employment contract or the "imposition of discriminatory working conditions." *Patterson,* 109 S.Ct. at 2372-73. Accordingly, this protection prohibits only racial discrimination in the refusal to enter into a contractual relationship as well as a contract offer only on discriminatory terms. *Id.* at 2372. Discrimination in postformation conduct is a matter properly addressed by Title VII and state contract law. *Id.* at 2373.

The second protection, the same right to enforce contracts as is enjoyed by white citizens, extends only to the conduct of an employer which impairs an employee's ability to enforce through the legal process his or her established contractual rights. *Id.* It proscribes racial discrimination that "infects the legal process in ways that prevent one from enforcing contract rights...." *Id.* It embodies private efforts to frustrate access to the courts or nonjudicial forums. *Id.*

Based upon the foregoing standards, it is abundantly clear that Plaintiff's allegations of discrimination in his evaluations and compensation are not actionable under § 1981. Neither of these allegations concern discrimination in the making or enforcement of his contract with Defendant as those terms were defined in *Patterson.* These claims are analogous to claims of racial harassment and are well within the

confines of the Supreme Court's aforementioned restrictions.

■ Plaintiff also claims that his allegedly race-motivated discharge[5] contravenes § 1981, an issue not before and not addressed by the Supreme Court in *Patterson.*[6] In his response to Defendant's motion, Plaintiff correctly points out that "[n]o where in [*Patterson*] does it hold that 42 U.S.C. Section 1981 does not apply to termination of an employee on the basis of racial discrimination."[7] Considering the Supreme Court's interpretation of the terms "make" and "enforce" in *Patterson,* however, this Court concludes, as a matter of law, that claims of racially motivated discharge, without more, are outside the scope of § 1981. Such a claim certainly does not involve the making of a contract, but rather concerns only postformation conduct. It is also not probative of any impediment to access to the legal process in order to enforce established contractual rights and is therefore not within § 1981's proscription of racial discrimination in the enforcement of contracts. Moreover, this Court's position is consistent with the Supreme Court's admonition that the district courts "should not strain in an undue manner the language of § 1981," *id.* at 2377, and that "[s]ection 1981 cannot be construed as a general proscription of racial discrimination in all aspects of contract relations," *id.* at 2372.

■ Plaintiff also claims that Defendant discriminated against him in violation of § 1981 when it failed to promote him because of his race. In *Patterson,* the Supreme Court announced that claims for failure to promote because of race may be maintained under § 1981 only when "the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." *Id.* at 2377.[8] The promotion allegedly de-

---

5. Specifically, Plaintiff alleges that Defendant applied a "different procedure for discharge and/or selection of Plaintiff for reduction in force...." Original Complaint at 4, ¶ 6.

6. Ms. Patterson appealed only the district court's holding that her claim of racial harassment was not actionable and the district court's instruction regarding her claim for failure to promote.

7. Response at 2.

8. Ms. Patterson appealed the district court's instruction on this issue. Before addressing the specific instruction, however, the Supreme Court defined the circumstances in which claims for failure to promote may be pursued under § 1981. *Id.* at 2377.

nied the claimant must be of such nature as would have risen to the level of a "new and distinct relation" between the employee and the employer had it occurred. *Id.*

Based on these standards, Plaintiff's claim that Defendant failed to promote him on the basis of his race must also be dismissed. Plaintiff's Original Complaint alleges no facts which would show that the promotion of Plaintiff would have resulted in a new contract—a "new and distinct relation"—had such a promotion occurred. In his response to Defendant's motion, Plaintiff for the first time states that his promotion from sales supervisor to the position of area supervisor would constitute a new and distinct relationship.[9] Plaintiff, however, fails to state any facts which support this statement. When considering a Rule 12(b)(6) motion, this Court has no obligation to accept as true bald, conclusory allegations which are factually unsupported. *Kaiser Aluminum*, 677 F.2d at 1050. Further, Plaintiff has requested neither leave to replead nor additional time to conduct discovery on this issue. Plaintiff's claim that he was denied a promotion on the basis of race is therefore not actionable under § 1981.

In accordance with the foregoing, it is therefore

ORDERED that Defendant's Motion to Dismiss is hereby GRANTED. It is further

ORDERED that Plaintiff's First Original Complaint is hereby DISMISSED.