Gloria ALEXANDER, Plaintiff,

v.

NEW YORK MEDICAL
COLLEGE, Defendant.

No. 89 Civ. 1092 (RO).

United States District Court,
S.D. New York.

Sept. 27, 1989.

Rachel J. Minter, New York City, for plaintiff.

Kelley Drye & Warren, New York City, for defendant; Rita A. Hernandez, of counsel.

1. Ms. Alexander claims that she was demoted from Manager to Supervisor I, and then from Supervisor I to Supervisor II; in each instance, she alleges, white employees replaced her. Ms. Alexander also alleges that she was discharged in retaliation for filing a race discrimination charge before the State Division of Human Rights. Ms. Alexander originally included in her complaint other acts of alleged on-the-job discrimination perpetrated by her supervisor. Ms. Alexander's counsel properly concedes, however, that those claims are precluded by *Patterson v. McLean Credit Union*, —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).

2. The Court stated: "[W]hether a promotion claim is actionable under § 1981 depends upon

OPINION AND ORDER

OWEN, District Judge:

Alleging intentional discrimination violating 42 U.S.C. § 1981, plaintiff Gloria Alexander, a black woman, asserts that defendant New York Medical College unlawfully demoted and discharged her from the College's Department of Comparative Medicine for racially discriminatory reasons.[1]

Section 1981 provides that "[a]ll persons ... shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens." The Supreme Court has recently held in *Patterson v. McLean Credit Union*, —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), that § 1981 "does not apply to conduct which occurs after the formation of a contract and which does not interfere with the right to enforce established contract obligations." Accordingly, under *Patterson*, general on-the-job harassment is not actionable under § 1981. The Court also suggested that allegations of discriminatory promotions may not be actionable under § 1981.[2]

Two separate considerations appear to have influenced the *Patterson* Court. First, the Court cautioned against straining the clear meaning of § 1981's language. Second, the Court was reluctant to read § 1981 "broadly where the result is to circumvent the detailed remedial scheme" of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.[3]

Courts construing § 1981 since *Patterson* have been sensitive to these concerns. These courts uniformly have rejected attempts to redress discriminatory dis-

whether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." —— U.S. at ——, 109 S.Ct. at 2377.

3. "By reading § 1981 not as a general proscription of racial discrimination in all aspects of contract relations, but as limited to the enumerated rights within its express protection, specifically the right to make and enforce contracts, we may preserve the integrity of Title VII's procedures without sacrificing any significant coverage of the civil rights laws." *Patterson*, —— U.S. at ——, 109 S.Ct. at 2375 (footnote omitted).

charges and demotions, among other things, under § 1981.[4] This trend toward limiting the availability of § 1981 comports with *Patterson* by harmonizing the procedures and remedies for civil rights violations within the rubric of Title VII.

Given the foregoing, the only inquiry that appears relevant to Ms. Alexander's claim is whether either a demotion or a retaliatory discharge amounts to "a refusal to make a contract with [Ms. Alexander] or the impairment of her ability to enforce her established contract rights." —— U.S. at ——, 109 S.Ct. at 2374. The language of § 1981 does not invite such a construction. Demotions and retaliatory discharges both take place *after* the initial employment contract is made. Therefore, they do not implicate the process of making an employment contract. Likewise, neither a demotion nor a retaliatory discharge interferes with an individual's right or ability to enforce a contract. Each may represent a breach of contract for which judicial redress is otherwise available.[5]

Accordingly, Ms. Alexander's claims are properly assertable within the framework of Title VII,[6] *Patterson* stating "[t]hat egregious racial harassment of employees is forbidden by a clearly applicable law (Title VII), moreover, should lessen the temptation for this Court to twist the interpretation of another statute (§ 1981) to cover the same conduct." *Patterson*, —— U.S. at ——, 109 S.Ct. at 2375.

Accordingly, defendant's motion to dismiss is granted, each side to bear its own costs. So ordered.

---

**4.** *See Jordon v. United States West Direct Co.,* 50 Fair Empl. Prac. Cas. (BNA) 633 (D.Co.1989) (demotion); *Williams v. National R.R. Passenger Corp.,* 716 F.Supp. 49 (D.D.C.1989) (downgrade in retaliation for filing § 1981 action); *Dangerfield v. The Mission Press,* No. 88 Civ. 7199, 1989 WL 88199 (N.D.Ill. July 27, 1989) (demotion); *Leong v. Hilton Hotels Corp.,* 50 Fair Empl. Prac. Cas. (BNA) 738 (D.Haw.1989) (lessening of responsibility); *Greggs v. Hillman Distrib. Co.,* 719 F.Supp. 552 (S.D.Tex.1989) (discharge); *Carter v. Aselton,* 50 Fair Empl. Prac. Cas. (BNA) 251 (M.D.Fla.1989) (discharge).

**5.** Several recent cases likewise have construed *Patterson* to preclude § 1981 claims for retaliatory discharges. *See, e.g., Overby v. Chevron USA, Inc.,* 884 F.2d 470 (9th Cir.1989); *Williams v. National R.R. Passenger Corp.,* 716 F.Supp. 49 (D.D.C.1989); *Mathis v. Boeing Military Airplane Co.,* 719 F.Supp. 991 (D.Kan.1989); *Kolb v. Ohio,* 721 F.Supp. 885 (N.D.Ohio 1989). This Court respectfully disagrees with those that have concluded otherwise. *See English v. General Dev. Corp.,* 717 F.Supp. 628 (N.D.Ill.1989); *Jordan v. U.S. West Direct Co.,* 50 Fair Empl.

Prac. Cas. (BNA) 633 (D.Co.1989). The right to enforce contracts "embraces protection of a legal process, and of a right of access to legal process, that will address and resolve contract-law claims without regard to race. In this respect, [§ 1981] ... also covers wholly *private* efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations...." *Patterson,* —— U.S. at ——, 109 S.Ct. at 2373. A retaliatory discharge in no way obstructs access to judicial redress, as is evidenced by Ms. Alexander's presence before this Court.

**6.** Title VII applies to discrimination that affects a "term, condition, or privilege" of employment. Since commencing this action, Ms. Alexander filed a Title VII charge with the Equal Employment Opportunity Commission. She is now seeking a "right-to-sue" letter pursuant to 2 U.S.C. § 2000e–16(c), which would enable her to assert a Title VII cause of action.