**Mildred W. WILLIAMS, Plaintiff,**

v.

**CHASE MANHATTAN BANK, N.A., Defendant.**

**No. 87 Civ. 4784 (RWS).**

United States District Court, S.D. New York.

Jan. 16, 1990.

John Ware Upton, New York City, for plaintiff.

Kent T. Stauffer, The Chase Manhattan Bank, N.A., Litigation Div. (Laura Effel, Jeanne C. Miller, of counsel) New York City, for defendant.

SWEET, District Judge.

Plaintiff Mildred W. Williams ("Williams") moves to file a second amended complaint ("Second Amended Complaint") pursuant to Rule 15(a), Fed.R. Civ.P. Defendant Chase Manhattan Bank ("Chase") moves to dismiss the complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P. For the reasons set forth below, Williams' motion to amend her complaint for a second time is granted, and defendant's motion to dismiss is granted in part and denied in part.

*Parties*

Williams is a black female who began employment with Chase, in January, 1969 as a teller. In 1979 Williams was promoted to the position of assistant manager ("Assistant Manager"). Williams left Chase on February 4, 1987.

Chase is a New York corporation with its principal offices at One Chase Manhattan Plaza, New York, New York, and is engaged through many branch offices in the general field of banking.

*Prior Proceedings*

Williams filed this federal court action pursuant to the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("1981") and the New York State Human Rights Law, Executive Law § 296 *et seq.* on July 7, 1987. Williams bases these claims on the same set of facts and events. On January 23, 1989 Williams filed an Amended Complaint with Chase's consent. On June 22, 1989, Chase filed this motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), on June 22, 1989 and on August 17, 1989 Williams filed a Second Amended Complaint. Oral arguments were heard on these motions on October 20, 1989 and considered fully submitted as of that date.

*Facts as Pleaded*

This lawsuit concerns a series of events alleged to have taken place over a three-year period beginning 1983 and ending on February 4, 1987 when Williams left Chase. Williams contends that while employed in various positions with Chase, because of her race, she was subjected to discriminatory treatment. This discrimination included denial of promotions and harassment in her employment conditions.

Williams became an Assistant Manager in February, 1978; she managed Branch # 238 as an assistant during 1982 and 1983 for about fifteen months. Williams alleges that, contrary to Chase's policy and practice, she was not promoted to the position of branch manager ("Branch Manager") and that she was not compensated appropriately for her managerial duties.

In 1983, Williams was interviewed by George Witt for the position of Second-in-Charge of Branch # 230. Witt allegedly promised Williams that she would be promoted to assistant treasurer ("Assistant Treasurer"), a position which would have made her an officer of the bank at that particular branch. Following this interview, Williams' supervisors, Agatha Kimmel, Branch Manager, and Richard Eiter, Zone Manager, harassed, criticized and ultimately prevented Williams' promised promotion. Kimmel and Eiter transferred Williams to Branch # 013 in February of 1984.

Thereafter, Williams' new supervisors, Anita D'Angelo and Frank Mangini allegedly favored white employees over Williams for promotions. Williams requested a promotion to Assistant Treasurer at Branch # 013, but she was passed over for three white males who were allegedly less qualified than Williams. Williams was also denied a promotion to Assistant Treasurer at other branch offices to which she applied.

In October, 1986, Williams was disciplined when Branch # 013 lost funds due to a series of forgeries. D'Angelo and another of Williams' supervisors, William Bergen, informed Williams that her salary and bonuses would be frozen for over three years. Williams alleges that this disciplinary action was baseless and discriminatorily issued. Williams left Chase on February 4, 1987.

*The Issues*

Williams alleges that she has been subjected to discriminatory treatment in violation of § 1981. To support these allegations and to provide a cognizable claim, Williams moves to amend her complaint for a second time to include the following specific allegations:

13. In 1983, Plaintiff was interviewed by George Witt for the position of Second-in-charge of Branch # 230. He promised plaintiff that she would be promoted to the position of Assistant Treasurer, which would have made her an officer of the bank, at said branch.

14. Subsequently, Ms. Williams' supervisors at Branch # 230, Agatha Kimmel, Branch Manager, and Richard Eiter, Zone Manager, singled her out for harassment and criticism, prevented the promised promotion and transferred her. 19. Although she requested a promotion to the position of Assistant Treasurer at Branch 13, Mr. Eiter and Ms. D'Angelo refused, and promoted three less qualified white males to the position instead. 20. When Mr. Eiter and Ms. D'Angelo refused to promote her, plaintiff applied for the Assistant Treasurer position at other Chase branches, but was not accepted.

Chase maintains that Williams' complaint fails to state a claim for which relief can be granted under § 1981 as interpreted by the recent U.S. Supreme Court decision in *Patterson v. McLean Credit Union*, 491 U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Additionally, Chase argues that since *Patterson* bars Williams' § 1981 claim, this court has no jurisdiction over Williams' pendent state claims. Finally, Chase raises the statute of limitations as a bar to this action.

## A. Standards For Rule 15(a) Amended Complaints

Pursuant to Rule 15(a), Fed.R.Civ.P., leave to amend a complaint "shall be freely given when justice so requires." If the plaintiff has at least colorable grounds for relief under the amendment, the amendment should be permitted unless the plaintiff has acted in bad faith, is guilty of undue delay, or if permission to amend would unduly prejudice the defendant. *Foman v. Davis*, 371 U.S. 178, 179, 83 S.Ct. 227, 228, 9 L.Ed.2d 222 (1962); *Ryder Energy Distrib. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984).

In the present case Chase does not contend that it would be unduly prejudiced or that Williams seeks to amend in bad faith to cause undue delay. Moreover, the discussion below indicates that Williams' Second Amended Complaint provides a colorable claim under § 1981, and therefore Williams' motion to file a Second Amended Complaint meets the Rule 15(a) requirements.

## B. Statute of Limitations Requirements

According to Chase, Williams' Second Amended Complaint is futile in that it contains allegations that are barred by the applicable statute of limitations. Chase failed to raise this defense in its Answer and may thus have waived its opportunity to raise the defense. *See Wade v. Orange County Sheriff's Office*, 844 F.2d 951, 955 (2d Cir.1988); *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1155 (2d Cir.1968). Nonetheless, it would be futile to consider this defense waived when Chase would be permitted to amend its answer to include the defense pursuant to the Rule 15 liberal policy favoring a "decision on the merits, rather than on pleadings or technicalities," *Ragin v. Macklowe*, 126 F.R.D. 475, 476 (S.D.N.Y.1989) (quoting *CBS, Inc. v. Ahern*, 108 F.R.D. 14, 18 n. 4 (S.D.N.Y. 1985)). The statute of limitations defense is considered raised, even though it is not pleaded, on this motion for dismissal. *See Ippolito–Lutz, Inc. v. Harris*, 473 F.Supp. 255, 260 (S.D.N.Y.1979), citing *Quigley v. Hawthorne Lumber Co.*, 264 F.Supp. 214, 220 (S.D.N.Y.1967).

Generally, claims arising under § 1981 are subject to a three-year statute of limitations. *Tuckett v. Police Dept. of New York*, 708 F.Supp. 77, 78 (S.D.N.Y. 1989); *Grub v. Broadcast Music, Inc.*, 699 F.Supp. 382, 384 (E.D.N.Y.1987). Where discriminatory activities are allegedly continuous in nature, courts may assert jurisdiction over allegations that occurred before the statute of limitations period as long as some action occurred during the applicable period. *See Cook v. Pan American World Airlines, Inc.*, 771 F.2d 635, 646 (2d Cir.1985), *cert. denied*, 474 U.S. 1109, 106 S.Ct. 895, 88 L.Ed.2d 929 citing *Acha v. Beame*, 570 F.2d 57, 65 (2d Cir.1978), *aff'd*, 817 F.2d 1030 (2nd Cir.1987); *Guardians Ass'n of the New York City Police Dept., Inc.*, 466 F.Supp. 1273, 1280 (S.D.N.Y. 1979), *aff'd, rev'd on other grounds*, 633 F.2d 232 (2nd Cir.1980).

■ According to Williams, the continuing violations doctrine applies and that her complaint is therefore not barred by the statute of limitations. Williams alleges that her denial of a promotion to Assistant Treasurer occurred after July 7, 1984. Since Williams filed this action on July 8, 1987 and since she alleges a series of related discriminatory events including several denials of the same promotion, her complaint is deemed one of continuing violations for purposes of statute of limitations. As such, Williams may reach back before July, 1984 to allegations that may be cognizable under § 1981 as examined below.

## C. The Limits of § 1981 Claims Under Patterson v. McLean Credit Union

In deciding the merits of a motion pursuant to Rule 12(b)(6), Fed.R.Civ.P., all material allegations composing the factual predicate of the action are taken as true, for the court's task is to "assess the legal feasibility of the complaint, not assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distrib.*, 748 F.2d at 779. Thus, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," a motion for dismissal must be denied. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ The Supreme Court recently limited § 1981 employment discrimination claims in the *Patterson* decision. Although the full implications of the limits proscribed by the Court are not yet clear, Chase urges that *Patterson* bars Williams' complaint.[1]

While the Court in *Patterson* established that racial harassment in a person's terms and conditions of employment is not cognizable under § 1981, it carved out a narrow exception with respect to failure to promote claims of discrimination. *Id.* 109 S.Ct. at 2367. The basis of this exception followed directly from the statutory language, and the Court distinguished between discrimination in the making of an employment contract and that in any post-contractual conduct. The Court noted that "[o]nly where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable." *Id.* at 2376 (citing as analogous, *Hishon v. King & Spaulding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (refusal of law firm to accept associate into partnership in Title VII action.)

District courts presently are interpreting the boundaries of the *Patterson* decision, particularly with respect to promotion claims and what constitutes "new and distinct relations" for purposes of an actionable claim under § 1981. Although no bright line test has emerged to determine whether a promotion alone constitutes a "new and distinct relation," several Courts have proposed factors to guide in this assessment, including, qualifications for the promotion, method of calculating salary, responsibility level and change in status at the company. *See Guy A. Green v. Kinney Shoe Corp.*, 728 F.Supp. 768, 777 (D.C. D.C.1989) (promotion from manager-in-waiting to manager cognizable on finding that method of evaluation, salary and responsibilities all would change); *Luna v.*

---

1. This analysis assumes the fitness of retroactive application of *Patterson*, an assumption implicit in a number of other decisions. *See Alvarez v. Norden Sys., Inc.,* 1989 WL 99837, 1989 U.S.Dist. LEXIS 9954, p. 25 (S.D.N.Y.1989); *Gonzalez v. Home Ins. Co., et al.,* 1989 WL 106467, 1989 U.S.Dist. LEXIS 8733, p. 35 (S.D.N.Y.1989); *Brooms v. Regal Tube Co.,* 881 F.2d 412, 427 (7th Cir.1989); *But see Gillespie v. First Interstate Bank,* 717 F.Supp. 649, 651 (E.D.Wis.1989) (distinguishable; on motion to set aside judgment, retroactive application denied because of substantial injustice to plaintiff since trial already had been conducted). The three-prong retroac-

tivity test in *Chevron Oil v. Huson,* 404 U.S. 97, 106, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) as applied here to determine retroactivity of *Patterson* is satisfied: 1) *Patterson* establishes a precedent overruling an old principle upon which litigants rely, 2) retroactive application will further, not retard, the operation of *Patterson,* and 3) application does not produce substantially inequitable results because although Williams has proceeded only under § 1981, some of her failure-to-promote claims survive *Patterson* and thus her opportunity for relief is not necessarily foreclosed by this application.

*City and County of Denver et al.,* 718 F.Supp. 854, 856–57 (D.C.Col.1989) (promotion from Project Supervisor I to Engineer III cognizable since the promotion involved differences in supervisory responsibility, duties and qualifications); *Mallory v. Booth Refrigeration Supply Co.,* 882 F.2d 908, 910 (4th Cir.1989) (promotion from clerk to supervisor with consequent pay increase satisfies *Patterson* test). Mere increase in pay has failed to fulfill the *Patterson* guidelines. *See Williams v. National R.R. Passenger Corp.,* 716 F.Supp. 49, 50, n. 1 (D.D.C.1989) (where manager claimed that salary increase was not sufficient, promotion claim barred by *Patterson.*)

Chase contends, based upon the *Williams* Court's reading of *Patterson,* that Williams' allegations of discriminatorily denied promotions fall short of the *Patterson* test because the promotions at issue here involve only slight changes as opposed to a "new and distinct relation." The facts alleged in Williams' complaint, taken as true, in part indicate otherwise.

■ Williams contends that she repeatedly was denied a promotion from Assistant Manager to Assistant Treasurer. The position involved a change from being an employee to being an officer of the bank at a given branch. The *Patterson* Court's reference to *Hishon,* 467 U.S. 69, 104 S.Ct. 2229, would indicate that this type of status change would constitute a "new and distinct relation." *See Patterson,* 109 S.Ct. at 2377. Furthermore, Williams' complaint alleges potential increased supervisory responsibility and salary modifications, additional factors militating toward a finding of a "new and distinct" relationship. *See Green v. Kinney Shoe,* 728 F.Supp. at 777; *Luna,* 718 F.Supp. at 856; *Mallory,* 882 F.2d at 910.

Williams' allegations concerning a denial of a promotion from Assistant Manager to Branch Manager, however, are barred by *Patterson.* Promotions from one supervisory position to another, albeit a higher level supervisory position fail to propose a "new and distinct relation." *See Greggs v. Hillman Distrib. Co.,* 719 F.Supp. 552,

554–55 (S.D.Tex.1989); *see also Alexander v. New York Medical College,* 721 F.Supp. 587, 588 (S.D.N.Y.1989) (demotion from one supervisory position to a lower supervisory position barred by *Patterson* ).

■ On the facts as pleaded here, a promotion from Assistant Manager to Branch Manager unlike that from Assistant Manager to Assistant Treasurer, does not constitute a "new and distinct" relationship. No change in responsibilities is pleaded. Even taking the allegations in the complaint as true, this promotion claim is barred by *Patterson* and thus dismissed. *See Greggs,* 719 F.Supp. at 554–55 (plaintiff provided no facts upon which to base contention that promotion met *Patterson,* thus allegations were conclusory); *Cf. Green v. Kinney Shoe,* 728 F.Supp. at 777 (court concluded that promotion from manager-in-waiting to manager involved substantial change in responsibilities because manager-in-waiting position was essentially a shoe-sales employee).

D. Pendent Jurisdiction Over State Racial Harassment Claims

■ It is well established that a district court may, in its discretion, assert pendent jurisdiction over a state claim arising from the same nucleus of operative fact upon which a federally sufficient claim is based. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Miller v. Lovett,* 879 F.2d 1066, 1071 (2d Cir.1989); *Perry v. Manocherian,* 675 F.Supp. 1417, 1429 (S.D. N.Y.1987). Here, Chase urges the court to refrain from exercising pendent jurisdiction over Williams' state racial harassment claims under New York State Human Rights Law, Executive Law §§ 296 *et seq.,* because the state claim involves different facts and the proof issues are likely to confuse the jury but provides no authority for this proposition.

Williams' complaint reveals facts that are intricately woven into both the federally sufficient promotion claims and the state racial harassment claims, denial of learning opportunities and promotion and criticism, all of which involved two of her supervi-

sors. While there are different proof issues in these claims, this result occurs in virtually all civil rights cases and cannot alone be the basis upon which to deny pendent jurisdiction.

For the reasons set forth above Williams' motion to file a Second Amended Complaint is granted. Chase's motion to dismiss is granted with respect to the promotion from Assistant Manager to Branch Manager claim and denied with respect to the promotion from Assistant Manager to Assistant Treasurer claims.

It is so ordered.