Edna Ruth HARRIS, Plaintiff,

v.

PRESBYTERIAN/SAINT LUKE'S
MEDICAL CENTER and T.
Jeanne Coakley, Defendants.

Civ. A. No. 85–N–1987.

United States District Court,
D. Colorado.

March 8, 1991.

David L. Smith, Denver, Colo., for plaintiff.

Richard L. Thorgren, Harding & Ogden, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

NOTTINGHAM, District Judge.

Edna Ruth Harris is a black woman employed by Defendant Presbyterian/Saint Luke's Medical Center as a licensed practical nurse. Defendant T. Jeanne Coakley is her supervisor. Plaintiff claims that defendants have violated 42 U.S.C. § 1981 (1988) in two ways. First, she asserts, defendants suspended her for three days, without pay, as discipline for behavior detrimental to the welfare, safety, convenience, or comfort of a patient. The suspension is alleged to have been discriminatory, because white employees of the medical center who committed similar or more serious infractions were not subjected to any disciplinary action. Complaint ¶ 3. Second, after plaintiff had filed a charge with the Equal Employment Opportunity Commission, claiming that her three-day suspension was discriminatory, defendants allegedly retaliated against her by filing two complaints with the Colorado Board of Nursing. Complaint ¶ 5.

Defendant moved for summary judgment on the ground that neither of plaintiff's claims stated a violation of section 1981, as that statute was interpreted in *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Judge Weinshienk (to whom the case was then assigned) thought the first claim precluded by *Patterson* and granted summary judgment as to that portion of the complaint. She held, however, that the claim for retaliation "remains viable in the wake of *Patterson*" and denied the motion for summary judgment as to that claim. *Harris v. Presbyterian/Saint Luke's Medical Center*, Case No. 85–Z–1987, slip op. at 2 (D.Colo. Aug. 22, 1989) (unpublished order). Having reviewed the cases concerning the cognizability of retaliation claims under section 1981 (nearly all of which were decided after the date of Judge Weinshienk's order denying summary judgment), I have *sua sponte* decided to reconsider that interlocutory order. For the reasons stated below, defendant's motion for summary judgment on the retaliation claim is granted.

Since *Patterson*, an apparent majority of the reported decisions hold that section 1981 does not recognize a claim for a defendant's retaliatory actions taken in response to a plaintiffs complaints of discrimination. *See, e.g., Williams v. First Union National Bank*, 920 F.2d 232, 234–35 (4th Cir. 1990); *Sherman v. Burke Contracting*,

*Inc.*, 891 F.2d 1527, 1535 (11th Cir.1990) *Carter v. South Central Bell*, 912 F.2d 832, 840–41 (5th Cir.1990); *McKnight v. General Motors Corporation*, 908 F.2d 104, 111–12 (7th Cir.1990); *Overby v. Chevron USA, Inc.*, 884 F.2d 470, 473 (9th Cir. 1989); *Alexander v. New York Medical College*, 721 F.Supp. 587, 588 (S.D.N.Y. 1989); *Williams v. National Railroad Passenger Corp.*, 716 F.Supp. 49, 51–52 (D.D.C.1989), *aff'd* 901 F.2d 1131 (D.C.Cir. 1990). *Contra, Coleman v. Dow Chemical Company*, 747 F.Supp. 146, 156 (D.Conn. 1990); *Fowler v. McCrory Corporation*, 727 F.Supp. 228, 231 (D.Md.1989) (implicitly overruled by the Fourth Circuit's holding in *First Union National Bank* ); *English v. General Development Corp.*, 717 F.Supp. 628, 630 (N.D.Ill.1989) (implicitly overruled by Seventh Circuit's holding in *McKnight* ); *Jordan v. U.S. West Direct Co.*, 716 F.Supp. 1366, 1368–69 (D.Colo.1989). The Tenth Circuit has not squarely addressed the issue, although it has recently held that a claim alleging retaliation for (1) general advocacy of civil rights causes and (2) leadership in the NAACP does not state a claim cognizable under section 1981. *Hill v. Goodyear Tire & Rubber, Inc.*, 918 F.2d 877, 880 (10th Cir.1990). The court reasoned that "[s]ince plaintiff's advocacy was not protected under section 1981, his discharge, even if in retaliation for such advocacy, was not actionable under section 1981." *Id.* The court expressly reserved the question of whether a claim would have been stated "if [plaintiff] were discharged in retaliation for advocating changes in conduct actionable under section 1981, *e.g.*, discriminatory hiring practices." *Id.* n. 3.

After reviewing these decisions, especially *Hill*, I am convinced that plaintiff here has failed to state a claim under section 1981. Harris is asserting that defendants retaliated against her for the filing of a complaint with the EEOC concerning the allegedly-discriminatory three-day suspension. As Judge Weinshienk recognized in granting summary judgment on the discrimination claim arising out of the three-day suspension, that claim is not cognizable under section 1981; it is, rather, a claim which Harris should have asserted under title VII of the 1964 Civil Rights Act. When the underlying discriminatory conduct is cognizable only under title VII, there is good reason for also requiring the related retaliation claim to be made under title VII, not under section 1981. Title VII, unlike section 1981, expressly recognizes a cause of action for retaliation. 42 U.S.C. § 2000e–3(a) (1988). Title VII also establishes a detailed set of administrative procedures designed to assist the parties in resolving the claims through conciliation, rather than litigation. 42 U.S.C. § 2000e–5(b) (1988). Requiring that claims of retaliation be asserted only under title VII is consistent with the administrative scheme, since it permits the parties to attempt resolution of the retaliation claim as part of the resolution of the related underlying discrimination claim. Conversely, permitting a retaliation claim under section 1981 would tend to undermine the administrative scheme, since a plaintiff would likely be less conciliatory if the broader rights and remedies provided under section 1981 were available to her on the retaliation claim. *Cf. Coleman*, 747 F.Supp. at 153 (section 1981 retaliation claim permitted, when the underlying discriminatory conduct was itself a violation of section 1981); *English*, 717 F.Supp. at 630, 632 (same); *Fowler*, 727 F.Supp. at 231 (same).

It is therefore

ORDERED that defendants' motion for summary judgment be granted and that judgment be entered in favor of defendants on both claims. Defendants shall have their costs, upon submission of a bill of costs within ten days of this order.