**In re PARACELSUS CORP., SECURITIES LITIGATION.**

**No. H–96–3464 (EW).**

United States District Court, S.D. Texas, Houston Division.

March 9, 1998.

---

Roger Farrell Claxton, Kilgore & Kilgore, Dallas, TX, Terrell Wallace Oxford, Susman Godfrey, Dallas, TX, Jonathan K. Levine, Frederic S. Fox, Kaplan Kilsheimer and Fox, New York, NY, Daniel L. Berger, Bernstein Litowitz Berger and Grossman, New York, NY, Katherine M. Ginzburg, Susman Godfrey, Houston, TX, for Hayley W. Werner.

Terrell Wallace Oxford, Susman Godfrey, Dallas, TX, Jonathan K. Levine, Frederic S. Fox, Kaplan Kilsheimer and Fox, New York, NY, Daniel L. Berger, Bernstein Litowitz Berger and Grossman, New York, NY, Katherine M. Ginzburg, Susman Godfrey, Houston, TX, for Alan Gordich, Lead Plaintiff, Gary Matzner, Lead Plaintiff, J. A. Ziskind, Lead Plaintiff.

David E. Sharp, Roger B. Greenberg, Greenberg Peden Siegmyer & Oshman, Houston, TX, Daniel L. Berger, Bernstein Litowitz Berger and Grossman, New York, NY, for Barry Garber.

Roger B. Greenberg, Greenberg Peden Siegmyer & Oshman, Houston, TX, Daniel L. Berger, Bernstein Litowitz Berger and Grossman, New York, NY, for James Kramer, Joseph Lipsky.

John R. Knight, Houston, TX, Daniel L. Berger, Bernstein Litowitz Berger and

Grossman, New York, NY, for Lawrence Rice, Jaclyn Alexander Rice.

Kenneth G. Gilman, David Pastor, Gilman and Pastor, Boston, MA, Larry Richard Veselka, Smyser Kaplan & Veselka, Houston, TX, Daniel L. Berger, Bernstein Litowitz Berger and Grossman, New York, NY, Daniel C. Girard, Robert A. Jigarjian, Girard and Green, San Francisco, CA, Peter A. Lagorio, Gilman and Pastor, Boston, MA, for James G. Caven.

Richard P. Keeton, Mayor Day Caldwell & Keeton, Houston, TX, Andrew B. Weisman, Wilmer Cutler and Pickering, Washington, DC, Abby Meisleman, Mayor Day Caldwell and Keeton, Houston, TX, Arthur F. Mathews, Wilmer Cutler and Pickering, Washington, DC, for Paracelsus Health.

Robert Roy Burford, Jean C. Frizzell, Gibbs & Bruns, Houston, TX, Kenneth Conboy, Elisabeth L. Goot, Walter P. Loughlin, Latham and Watkins, New York, NY, for Manfred George Krukemeyer.

Kim Bernard Battaglini, Akin Gump Strauss Hauer and Feld, Houston, TX, Joseph Paul Esposito, Sanford M. Saunders, Jr., Akin Gump Strauss Hauer and Feld, Washington, DC, Steven M. Pesner, Akin Gump Strauss Hauer & Feld, New York, NY, Robert H. Pees, Akin and Gump, New York, NY, for R. J. Messenger.

Richard H. Borow, Kenneth R. Heitz, Marc A. Fenster, Irell and Manella, Los Angeles, CA, for James T. Rush.

Gerard G. Pecht, Fulbright and Jaworski, Houston, TX, for Bear Stearns & Co., Inc., Smith Barney Inc., Donaldson, Lufkin & Jenrette, Inc.

Steven Richard Selsberg, Shook Hardy and Bacon, Houston, TX, Gerard G. Pecht, Fulbright and Jaworski, Houston, TX, for The Chicago Corp.

Robert Ross Harrison, Saccomanno & Clegg, Houston, TX, for Patricia Greenberg.

Edward Huddleston, Robert F. Watson, Law Snakard and Gambill, Fort Worth, TX, for Donald R. Patterson, Charles R. Miller, James G. VanDevender.

## MEMORANDUM AND ORDER

WERLEIN, District Judge.

Pending are Charles R. Miller's and James G. VanDevender's Motion to Dismiss Under FED. R. CIV. P. 12(b)(6) (Document No. 67); Defendant Manfred G. Krukemeyer's Motion to Dismiss Count III of the Consolidated Class Action Complaint and Joinder in Paracelsus's Motion to Dismiss that Complaint (Document No. 69), and Paracelsus Healthcare Corporation's Motion to Dismiss (Document No. 80). In addition, Defendant Ron J. Messenger has filed his Joinder (Document No. 71) in the Motions to Dismiss filed by Paracelsus, as to Count I, and by Defendant Robert Joyner[1] as to Count III. Defendant Rush has also filed his Notice of Joinder (Document No. 77) in the Motion to Dismiss filed by Defendant Paracelsus. Plaintiffs have filed their response to the several motions and, after careful study of the arguments and authorities presented by all parties, the Court concludes as follows:

### I. Background

The Consolidated Class Action Complaint (Document No. 66), alleges that Paracelsus Healthcare Corporation ("Paracelsus") owns and operates acute care and specialty hospitals and related healthcare businesses in selected markets across the United States. Paracelsus was a privately held corporation until August 16, 1996, when it acquired Champion Healthcare Corporation ("Champion"), another owner and operator of hospitals and related healthcare businesses, whose common stock was publicly traded on the American Stock Exchange.

On July 19, 1996, Paracelsus and Champion filed a joint registration statement, proxy statement, and prospectus (the "Exchange Offer Prospectus") with the Securities and Exchange Commission ("SEC"). Pursuant to the terms of the Exchange Offer Prospectus, each outstanding share of Champion

---

1. Defendant Robert Joyner's Motion to Dismiss (Document No. 74), was DENIED as moot after Plaintiffs and Joyner filed a stipulation for Joyner's dismissal, which was granted by Order entered June 30, 1997. This does not prejudice the adoption of such motion by Messenger, which for the most part raises the same issues raised in the other motions under review.

common stock was to be exchanged for one share of the newly issued Paracelsus common stock, contingent upon Champion shareholder approval. The Exchange Offer Prospectus also revealed that concurrent with and contingent upon the consummation of the merger with Champion, Paracelsus would commence an initial public offering (the "IPO") of its common stock, as well as a separate public offering of senior subordinated notes. Registration statements and prospectuses were filed for the sale of 5.2 million shares of the Company's common stock, as well as $325 million in senior subordinated notes (the "Notes Offering") bearing interest at a rate of 10 percent annually. The merger and public offerings were declared effective August 13, 1996.

Manfred G. Krukemeyer ("Krukemeyer") was Chairman of the Board of Directors of Paracelsus, and the sole shareholder of Paracelsus before its merger with Champion. As a result of the August 1996 merger, Paracelsus declared a 66,159.426–for–one stock split whereby Krukemeyer obtained approximately 30 million shares of the merged company, or approximately 55 percent ownership of the post-merger Paracelsus. The Champion shareholders received approximately 18 million shares of Paracelsus stock in exchange for their Champion shares, representing approximately 40 percent ownership of the merged company.

Charles R. Miller ("Miller") served as President and Chief Executive Officer of Champion from the time of its formation in 1990. After the merger, Miller obtained ownership of approximately 2 percent of the Paracelsus stock, and was retained as President and Chief Operating Officer of Paracelsus. James G. VanDevender ("VanDevender") served as Executive Vice President, Chief Financial Officer, Secretary and Director of Champion. After the merger, VanDevender obtained ownership of approximately 1.2 percent of Paracelsus's outstanding common stock, and was retained by Paracelsus as its Executive Vice President and Chief Financial Officer.

On October 9, 1996, Paracelsus announced in a press release that it anticipated reporting lower financial results for the quarter ending September 30, 1996 than it had previously expected, and that it also anticipated restating certain past financial reports. After completion of an internal inquiry, on April 15, 1997, Paracelsus filed with the SEC its Form 10–K for the fiscal year ending December 31, 1996, in which it confirmed that it would restate its past financial reports for periods commencing with January 1, 1992, through the nine months ending September 30, 1996.

Plaintiff Haley W. Werner[2] ("Werner") filed the instant class action on October 15, 1996, following a decline in the stock price after Paracelsus's October 9, 1996 press release. On February 14, 1997, this Court granted Paracelsus's Motion to Consolidate the present action with three other similar class actions filed in the Southern District of Texas. Pursuant to this Court's Order, Plaintiffs filed a Consolidated Class Action Complaint on May 2, 1997 (Document No. 66) asserting claims under Sections 11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l, and 77o. Specifically, in Count I, Plaintiffs allege violations of Section 11 of the Securities Act by all named Defendants, claiming that the "Public Offering Prospectuses," comprised of the Exchange Offer Prospectus, the IPO Prospectus, and the Notes Offering Prospectus, were "inaccurate and misleading, contained untrue statements of material facts, and omitted to state other facts necessary to make the statements contained therein not misleading." (Document No. 66 at 44). In Count II, Plaintiffs allege a violation of Section 12(a)(2) of the Securities Act by Defendant Paracelsus. In Count III, Plaintiffs claim a violation of Section 15 of the Securities Act by the named individual Defendants on the ground that the individual Defendants have "controlling person" liability for the alleged securities law violations.

## II. *Summary of the Motions to Dismiss*

In their Motion to Dismiss, Defendants Miller and VanDevender seek dismissal of all

---

**2.** Plaintiff Werner is the designated lead plaintiff for the class of shareholders who purchased or acquired Paracelsus common stock or senior subordinated notes pursuant to the registration statements and prospectuses filed with the SEC in connection with the Company's initial public offering of common stock and in connection with the Company's notes offering.

claims made in the Consolidated Class Action Complaint on the ground that the Plaintiffs assert claims relating to the sale of certain debt securities where none of the Plaintiffs are alleged to have purchased such a security. Additionally, Defendants maintain that while several Plaintiffs did not purchase securities in a public securities offering, they assert claims that apply only to such purchases. Miller and VanDevender also contend that the allegations in Count III fail to assert the requisite level of control by Miller and VanDevender over the party allegedly making the misrepresentations. According to Defendants, Plaintiffs' failure to allege the requisite level of control fails to state a cause of action under Section 15 of the 1933 Securities Act.

Similarly, in his Motion to Dismiss, Defendant Krukemeyer seeks dismissal of the Consolidated Class Action Complaint on the following grounds: (1) Plaintiffs have failed to state a cause of action against Krukemeyer for "controlling person" liability under Section 15 of the 1933 Securities Act because the allegations of Krukemeyer's control over Paracelsus are deficient; (2) Plaintiffs lack standing to assert a claim under Section 15 of the 1933 Act against Krukemeyer; and (3) Plaintiffs lack standing to assert a claim under Section 11 of the 1933 Act against Krukemeyer. (Document No. 69).

 Paracelsus also seeks dismissal of those claims asserted against it under Sections 11 and 12 of the Securities Act. (Document No. 80). Specifically, Paracelsus contends that no plaintiff in this matter satisfies the core standing requirement that he or she purchased the debt securities sold in the offering. Accordingly, Paracelsus seeks dismissal of all claims arising out of the debt offering. Additionally, Paracelsus requests dismissal of all claims asserted by those Plaintiffs who did not purchase Paracelsus securities in any of the three offerings that are the subject of this case on the ground that only investors who purchased securities pursuant to a prospectus delivered as part of a public offering have potential claims under Sections 11 or 12 of the Securities Act. Further, Paracelsus contends that no valid claims have been asserted under Section 12(a)(2) of the Securities Act because no Plaintiff has alleged facts permitting any inference that Paracelsus acted as a statutory seller within the meaning of Section 12.

### III. Standard for FED. R. CIV. P. 12(b)(6) dismissal

Fed.R.Civ.P. 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Id.*

In considering a motion to dismiss under Rule 12(b)(6), the district court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts in the complaint. *La Porte Construction Co., v. Bayshore Nat'l Bank of La Porte, Tex.,* 805 F.2d 1254, 1255 (5th Cir.1986); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983); *Mann v. Adams Realty Co.,* 556 F.2d 288, 293 (5th Cir.1977). Dismissal of a claim is improper unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Kaiser Aluminum,* 677 F.2d at 1050; *Mann,* 556 F.2d at 293. "The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests." *Mann,* 556 F.2d at 293. Therefore, in challenging the sufficiency of the complaint under Rule 12(b)(6), the defendant bears the burden of proving that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint. *Hishon v. King &*

*Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

### IV. *Claims based on the Notes Offering*

Each Plaintiff alleges claims arising out of the Notes Offering, although Plaintiffs concede that none of the Plaintiffs purchased any of the Paracelsus notes. Plaintiffs allege, however, that the Prospectuses "contained substantially identical disclosures concerning the business and financial condition of Paracelsus and Champion prior to the merger," as well as identical false and misleading financial statements. (Document No. 66 at ¶¶ 33–35). Plaintiffs maintain that the virtually identical content of the Prospectuses is sufficient to confer standing to pursue claims on behalf of those individuals who did purchase the notes, although none of those purchasers has sued in this case. This argument is without merit.

Section 11 of the 1933 Securities Act clearly provides a private action to "any person *acquiring* such security ...." 15 U.S.C. § 77k (emphasis added). Similarly, Section 12 creates a cause of action for "the person *purchasing* such security ...." 15 U.S.C. § 77*l* (emphasis added). Therefore, a plaintiff bringing suit under either Section 11 or Section 12 of the Securities Act at least must allege that he or she purchased or acquired the security at issue. Plaintiffs in the instant matter do not allege that any named Plaintiff purchased or acquired any of the Paracelsus notes at issue. In fact, Plaintiffs concede in their Response that none of the Plaintiffs acquired any of the notes. Plaintiffs therefore have failed to plead the express statutory standing requirements for an action under Sections 11 and 12 of the Securities Act, and they have failed to state a cause of action upon which relief can be granted with respect to the Notes Offering. *Smolen v. Deloitte, Haskins & Sells,* 921 F.2d 959, 965 (9th Cir.1990); *Ratner v. Sioux Natural Gas Corp.,* 770 F.2d 512, 517 (5th Cir.1985); *In re Storage Technology Corp. Securities Lit.,* 630 F.Supp. 1072, 1078 (D.Colo.1986) (dismissing complaint where plaintiffs failed to allege facts sufficient to establish ownership or acquisition of the securities at issue). Moreover, an individual plaintiff who lacks standing to assert a claim on his or her own behalf cannot avoid dismissal by purporting to maintain the action on behalf of a class of which he or she is not a member. *In re Taxable Mun. Bond Sec. Litig.,* 51 F.3d 518, 522 (5th Cir.1995). Accordingly, Defendants' Motions to Dismiss Plaintiffs' claims under Sections 11, 12, and 15 as they relate to the Notes Offering are GRANTED.

### V. *Claims Under Section 12*

### A. **Plaintiffs who purchased securities on the open market**

Defendants contend that those Plaintiffs who did not purchase their securities in the public offerings do not state a claim under sections 11 or 12 of the 1933 Securities Act. Specifically, Defendants seek the dismissal of all section 11 and section 12 claims asserted by those Plaintiffs who purchased their securities in the open market, and not pursuant to a prospectus delivered in connection with the public offerings. This contention is primarily premised on the United States Supreme Court's decision in *Gustafson v. Alloyd Co., Inc.,* 513 U.S. 561, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995). The Court in *Gustafson* held that section 12(2) of the Securities Act could not provide a basis for liability where the private sale contract did not constitute a "prospectus." The Court described the word "prospectus" as "a term of art referring to a document that describes a public offering of securities by an issuer or controlling shareholder." *Id.* at 1073–74. The Court reiterated its earlier jurisprudence that the 1933 Act was primarily concerned with the regulation of new offerings, and that those considerations counseled its interpretation that Section 12(2) liability be limited to public offerings. *Id.* 115 S.Ct. at 1070–71.

The parties have cited various cases, mostly by district courts, in which *Gustafson* has been cited and relied upon in different ways. It remains to be seen which view will be upheld in the appellate courts and thus whether the purchaser of a security in the secondary market, who buys within the initial public offering period, has standing to maintain an action under Sections 11 and 12(2) based upon the prospectus issued in connection with the new offering. For purposes of the pending motions, however, the Court

must examine only the allegations set forth in the Complaint. Plaintiffs allege that each of Plaintiffs who purchased shares of Paracelsus's common stock on the open market "purchased shares ... pursuant to the Company's Public Offering Prospectuses ...." Plaintiffs' Consolidated Class Action Complaint ¶ 4(c). Further, Plaintiffs allege in Count I that "Plaintiffs ... purchased Paracelsus common stock pursuant to the Public Offering Prospectuses." *Id.* at ¶ 82. These allegations are sufficient to withstand a motion to dismiss under Rule 12(b)(6). For the present, and accepting as true all well pleaded facts alleged by Plaintiffs, the motion to dismiss under Rule 12(b)(6) the claims of Plaintiffs who purchased on the open market during the initial public offering period is DENIED.

### B. Paracelsus's status as a "seller" under Section 12(a)(2)

■ Paracelsus moves to dismiss all of Plaintiffs' claims against Paracelsus under Section 12(a)(2) based upon there being no allegation of fact that Paracelsus either sold securities in the public offering or actively solicited any such sale.

Section 12(a)(2) of the 1933 Securities Act provides that any person who offers or sells a security by means of a prospectus or oral communication that makes misstatements or omissions of material facts "shall be liable ... to the person purchasing such security from him." 15 U.S.C. § 77*l*(a)(2). In the instant case, Plaintiffs specifically allege in Count II that:

> By means of the Public Offering Prospectuses, defendant Paracelsus sold shares of the Company's common stock, as well as its senior subordinated notes, to plaintiffs and the members of the Class in return for proceeds of approximately $360 million. The Company's actions of solicitation consisted primarily of the preparation and dissemination of the Public Offering Prospectuses.

(Document No. 66 at ¶ 85; *see also* ¶¶ 86–88; ¶¶ 30, 35, 49, 61).

Paracelsus forcefully argues that it neither passed title to Plaintiffs nor solicited the transactions in which title passed, and that

Plaintiffs' allegations fail to support an inference that Paracelsus was a section 12 "seller." Indeed, *Pinter v. Dahl,* 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988) and *Abell v. Potomac Ins. Co.,* 858 F.2d 1104, 1113–15 (5th Cir.1988), *judgment vacated and case remanded on other grounds,* 492 U.S. 914, 109 S.Ct. 3236, 106 L.Ed.2d 584 (1989), are both instructive on the meaning of the term "seller" as used in Sections 12(a)(1) and 12(a)(2), and both parties have argued their meaning. At this pleading stage, however, a dismissal would require a finding that no relief could be granted under any set of facts that could be proved consistent with the allegations. Plaintiffs' pleading includes allegations that "Paracelsus sold shares of the Company's common stock ... to plaintiffs and the members of the Class in return for proceeds of approximately $360 million." (Document No. 66 at ¶ 85). Whether Paracelsus was a seller within the meaning of Section 12(a)(2) may be susceptible to summary disposition, as Paracelsus argues, but such should be considered in an evidentiary context rather than on a bare pleading, which must be taken as true under Rule 12(b)(6). The determinations of a "seller" under the leading cases that have interpreted Section 12, after all, have been rather fact intensive questions. There were full trials in both *Pinter* and *Abell* and at that, the Supreme Court remanded *Pinter* for further fact findings by the district court. Thus, the motion to dismiss the Section 12(a)(2) claims against Paracelsus is DENIED.

### VI. *Claims pursuant to Section 15*

■ Section 15 of the 1933 Securities Act imposes liability on "controlling persons" for securities violations committed by individuals under their control. *See Abbott v. Equity Group, Inc.,* 2 F.3d 613, 619 (5th Cir.1993), *cert. denied,* 510 U.S. 1177, 114 S.Ct. 1219, 127 L.Ed.2d 565 (1994). Specifically, Section 15 provides:

> Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under sections 77k or 77*l* of

this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

15 U.S.C. § 77o. To establish a *prima facie* case of a Section 15 violation, a plaintiff must show that the defendant at least had power to control the "controlled person" in the specific transaction that is alleged as a violation, and possibly, although the Fifth Circuit has not definitively so held, that the defendant actually exercised control over the operations of the controlled person. *Abbott,* 2 F.3d at 620–21; *Dennis v. General Imaging, Inc.,* 918 F.2d 496, 509 (5th Cir.1990); cf. *Metge v. Baehler,* 762 F.2d 621, 630–31 (8th Cir. 1985). "Control" has been defined as:

> [T]he possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise.

*Dennis,* 918 F.2d at 509 (*citing* 17 C.F.R. § 230.405). Again, this is generally a fact intensive question, and presently the Court is constrained to examine only the Plaintiffs' Consolidated Class Action Complaint.

In their Consolidated Class Action Complaint Plaintiffs have alleged that each of Defendants Krukemeyer, Messenger, Rush, Miller, and VanDevender had the power and authority to cause Paracelsus to engage in the wrongful conduct alleged. Pleading with further specificity, Plaintiffs allege that Krukemeyer held such power and authority by reason of his position as Chairman of the Board of Paracelsus as well as by reason of his ownership or control of 100% of the Company's common stock before the merger, and approximately 55% of its common stock after the merger; that Defendant Messenger had such power and authority by reason of his position as Vice Chairman of the Board and Chief Executive Officer of the Company, as well as Chairman of the Board's Executive Committee; that Defendant Rush had such power and author-

ity by reason of his position as Senior Vice President of the Company following the merger with Champion, and his position as Vice President and Chief Financial Officer of the Company before the merger, a position he had held for 11 years immediately preceding the merger; that Defendant Miller had such power and authority by reason of his ownership or control over 1,075,026 shares of Paracelsus common stock, his positions as President and Chief Operating Officer of the Company, and as a member of the Paracelsus Board and its Executive Committee after the merger with Champion, as well as by reason of his positions as Chairman of the Board, President, and Chief Executive Officer of Champion before the merger; and that Defendant VanDevender had such power and authority by reason of his ownership or control over 630,000 shares of Paracelsus common stock, his positions as Executive Vice President and Chief Financial Officer of the Company, as well as his being a member of the Paracelsus Board and its Executive Committee after the merger with Champion, as well as his positions as Executive Vice President, Chief Financial Officer, Secretary and Director of Champion before the merger. Moreover, each of the individual defendants is alleged to have participated in the drafting, preparation, and/or approval of various false and misleading statements contained in the various registration statements and prospectuses filed by the Company with the SEC in connection with the merger between Paracelsus and Champion, and that none of the individual defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Public Offering Prospectuses were true and devoid of any omission of material fact. It is alleged that these individual defendants had control over the Company, giving rise to their joint and several liability with Paracelsus under Section 15 of the Securities Act.

The allegations set forth in the Consolidated Class Action Complaint are sufficient to withstand a Motion to Dismiss under Rule 12(b)(6), and accordingly, Defendants' Motions to Dismiss the Section 15 claims against the individual defendants Krukemeyer, Messenger, Rush, Miller, and VanDevender, are DENIED.

## VII. *Order*

Based on the foregoing, it is

ORDERED that Defendant Paracelsus's and the individual Defendants' Motions to Dismiss Plaintiffs' class action claims filed in behalf of all persons who acquired any of Paracelsus's $325 million in notes, is GRANTED, and all claims based upon the sales of such notes are DISMISSED. It us further

ORDERED that Defendant Paracelsus's and the individual Defendants' Motions to Dismiss are in all other respects DENIED.