**Robert BAFFA, Individually and On Behalf of All Others Similarly Situated, Plaintiff,**

v.

**DONALDSON, LUFKIN & JENRETTE SECURITIES CORPORATION, EOS Partners, L.P., General Electric Capital Corporation, A. Andrew Levison, Steven M. Friedman, Douglas R. Korn, Jules A. Borshadel, and John K. Henry, Defendants.**

**No. 96 Civ. 0583(CBM).**

United States District Court, S.D. New York.

April 6, 1998.

Mark W. Gaffney, Rabin & Garland, Kenneth A. Elan, Jacqueline Sailer, Rabin & Peckel, LLP, New York City, for Plaintiff.

Howard A. Ellins, Davis Polk & Wardwell, Thomas J. Hall, Chadbourne & Parke, Dennis J. Block, Weil, Gotshal & Manges, New York City, for Defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

### I. BACKGROUND

Plaintiff, Robert Baffa ("Baffa"), commenced this action on January 26, 1996 against defendants, Donaldson, Lufkin & Jenrette Securities Corporation ("DLJ"), EOS Partners, L.P. ("EOS"), General Electric Capital Corporation ("GE Capital"), A. Andrew Levison ("Levison"), Steven M. Friedman ("Friedman"), Douglas R. Korn ("Korn"), Jules A. Borshadel ("Borshadel"), and John K. Henry ("Henry"), alleging securities fraud.

This action arises out of the 1994 initial public offering ("Offering") of units of Rickel Home Centers, Inc. ("Rickel"). The Offering was made pursuant to a registration statement and prospectus which was declared effective by the Securities and Exchange Commission on October 28, 1994. The Offering was consummated on November 4, 1994.

Baffa alleges that on November 9, 1994, five days after the Offering had closed, he purchased 10 units at a cost of $998.75 per unit. Baffa alleges that the price of the stock suffered a huge decline soon thereafter. Baffa sold his units on December 28, 1995 at a price of $350 per unit.

According to Baffa's complaint,[1] the registration statement contained materially false and misleading facts about Rickel. In addition, the registration statement allegedly omitted several material facts about Rickel. Baffa alleges that all defendants have violated § 15 of the Securities Act of 1933 ("1933 Act"), and § 10(b) and § 20(a) of the Securities Exchange Act of 1934 ("1934 Act"). Baffa also alleges that some of the defendants have violated § 11 of the 1933 Act. Furthermore, Baffa alleges that defendants have en-

---

1. All references are to Baffa's amended complaint, which was filed on November 14, 1997.

gaged in common law fraud in connection with Baffa's purchase of these securities.

Defendants are various individuals and entities associated with the Offering of the Rickel units. Friedman, Korn, Borshadel, Henry and Levison were all Rickel directors and/or officers at the time of the Offering. Defendant DLJ was the underwriter for the Offering. Defendants EOS and GE Capital each owned 44.2 % of Rickel's common stock at the time of the Offering.

Defendants have filed a motion seeking to dismiss Baffa's complaint pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure ("FRCP").[2]

For the reasons set forth below, defendants' motion to dismiss is denied.

## II. THE STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

A motion to dismiss for "failure to state a claim upon which relief can be granted" pursuant to Rule 12(b)(6) should be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993); *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.1985); *Seagoing Uniform Corp. v. Texaco, Inc.*, 705 F.Supp. 918, 927 (S.D.N.Y.1989). Therefore, on a motion to dismiss, all factual allegations of the complaint must be accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir.1991). Additionally, all reasonable inferences must be made in plaintiff's favor. *See Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989); *Meilke v. Constellation Bancorp*, 1992 WL 47342 (S.D.N.Y.1992). As the Second Circuit noted, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the com-

plaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d at 1067.

## III. REQUIREMENTS UNDER SECTION 10(b) AND RULE 10b–5

■ In order to have a cause of action for securities fraud under Section 10(b) and Rule 10b–5 of the 1934 Act, a plaintiff "must plead that the defendant made a false statement or omitted a material fact, with scienter, and that plaintiff's reliance on defendant's action caused plaintiff injury." *San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Companies, Inc.*, 75 F.3d 801, 808 (2d Cir.1996) (citations omitted).

## IV. REQUIREMENTS UNDER RULE 9(b)

■ Since plaintiff's complaint entails allegations of fraud, the complaint must also meet the requirements of Rule 9(b) of the FRCP. Rule 9(b) provides as follows:

> "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

As the Second Circuit has noted, the purpose of Rule 9(b) is to "provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from 'improvident charges of wrongdoing,' and to protect a defendant against the institution of a strike suit." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir.1995) (citations omitted).

## V. REQUIREMENTS UNDER THE PRIVATE SECURITIES LITIGATION REFORM ACT OF 1995

■ Plaintiff's complaint must also meet the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The PSLRA states, in part, as follows:

> "In any private action arising under this title in which the plaintiff may recover

---

**2.** This is defendants' third motion to dismiss. Defendants' first motion to dismiss the complaint pursuant to Rule 12(b)(6) of the FRCP, filed on October 18, 1996, was denied by the court on July 10, 1997. Defendants' second motion to dismiss pursuant to Rules 12(b)(6) and 37(b)(2)(C) of the FRCP, filed on October 9, 1997, was denied by the court on November 14, 1997.

money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this title, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2).

Prior to the enactment of the PSLRA, courts in this circuit had held that Rule 9(b) required that a complaint allege facts which "give rise to a strong inference of fraudulent intent." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47 (2d Cir.1995) (citations omitted). Such a 'strong inference' could be shown by "alleging facts to show that defendants had both motive and opportunity to commit fraud, or .. by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.*

However, as other courts in this district have ruled, this court finds that the PSLRA has heightened the above standard. *See Novak v. Kasaks*, 1998 WL 107033 (S.D.N.Y. 1998); *In re Glenayre Technologies, Inc., Sec. Litig.*, 982 F.Supp. 294 (S.D.N.Y.1997); *In re Baesa Sec. Litig.*, 969 F.Supp. 238 (S.D.N.Y.1997); *Norwood Venture Corp. v. Converse, Inc.*, 959 F.Supp. 205 (S.D.N.Y. 1997). *But see In re Health Management, Inc. Sec. Litig.*, 970 F.Supp. 192 (E.D.N.Y. 1997). Thus, this court finds that evidence of a defendant's "motive and opportunity to commit fraud" is no longer by itself sufficient to support a "strong inference of fraudulent intent." In Order to meet the scienter requirement of the PSLRA, a complaint must allege that defendants engaged in conscious misbehavior or recklessness.

## VI. DEFENDANTS' MOTION TO DISMISS IS DENIED

 Defendants seek to dismiss plaintiff's complaint on the ground that "plaintiff's amended complaint does not come close to alleging 'with particularity' facts giving rise to 'a strong inference' that the defendants acted intentionally or recklessly ..." *See* Defendants' Memorandum in Support of Motion to Dismiss Amended Complaint, pg. 8.

The court denies defendants' motion to dismiss the complaint on two grounds.

First, the court finds and concludes that plaintiff's complaint alleges specific misleading statements and failures to disclose. *See, e.g.*, ¶¶ 38–50 of the Complaint.

Second, the court finds and concludes that plaintiff's complaint identifies circumstantial evidence which might support the finding that defendants engaged in conscious misbehavior. According to the complaint, defendants had information regarding large financial losses at the time the Offering by Rickel became effective. However, defendants failed to disclose this information. *See, e.g.*, ¶ 50 of the Complaint.

## VII. CONCLUSION

Thus, accepting all factual allegations of the complaint as true, and making all reasonable inferences in plaintiff's favor, this court concludes that plaintiff's complaint satisfies the requirements of Rule 9(b) and the PSLRA. For the foregoing reasons, defendants' motion to dismiss is denied.

SO ORDERED.