# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 97-11279
Summary Calendar

_____

Mark ROTELLA,

Plaintiff - Appellant,

VERSUS

Angela M WOOD, MD, et al.,

Defendants,

Angela M Wood, MD; Gary Lee Etter, MD PA; William M Pederson, MD; Grover Lawlis, MD; David R Baker, MD; Larrie W Arnold, MD; Fred L Griffin, MD; Leslie H Secrest, MD; John M Zimburean, MD; Bradford M Goff, MD; Dallas Psychiatric Associates; David R Baker, MD PA; Larrie W Arnold, MD PA; Leslie H Secrest, MD PA; William M Pederson, MD PA; Fred L Griffin, MD PA; Bradford M Goff, MD PA; Grover Lawlis, MD PA; Angela M Wood, MD PA; John M Zimburean, MD PA; Gary Lee Etter, MD,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Northern District of Texas
_____

July 30, 1998

Before REYNALDO G. GARZA, SMITH, and BENAVIDES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Mark Rotella sued a group of doctors and their related business entities under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, for improperly conspiring to admit, treat, and retain him at Brookhaven Psychiatric Pavilion for reasons related to their own financial interests rather than the patient's psychiatric condition. The

1

defendants moved for summary judgment based on the statute of limitations. United States District Judge John McBryde granted all motions for summary judgment, finding that Rotella's RICO cause of action accrued when he discovered his injury more than four years before he brought this action. *See Agency Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156 (1987) (holding that civil RICO claims are subject to a four-year statute of limitations). Rotella brought this appeal from the district court's ruling, arguing that, for limitations purposes, a RICO cause of action does not accrue until a plaintiff discovers both the injury *and* the pattern of racketeering activity. Having reviewed the briefs, the summary judgment evidence, and the district court's opinion, we find that Judge McBryde applied the correct rule of law and, therefore, we affirm.

Last year, the Supreme Court acknowledged, but declined to resolve, the split among the circuits regarding whether a RICO cause of action accrues upon the discovery of the injury alone, or upon the discovery of both the injury *and* the pattern of racketeering activity. *Klehr v. A.O. Smith Corp.*, 138 L. Ed. 2d 373, 384 (1997). The Court struck down only the Third Circuit's approach, which required discovery of the last predicate act for accrual of a RICO cause of action. *Id.* at 381. As such, *Klehr* does not dictate our choice between the injury discovery rule and the injury-pattern discovery rule.

As this circuit has not expressly endorsed either approach in a published opinion, we take this opportunity to join the First, Second, Fourth, Seventh, and Ninth Circuits in holding that a RICO cause of action accrues upon the discovery of the injury in question. *See Grimmett v. Brown*, 75 F.3d 506, 511 (9th Cir. 1996), *cert. dism'd as improvidently granted*, 519 U.S. 233 (1997); *McCool v. Strata Oil Co.*, 972 F.2d 1452, 1464-1465 (7th Cir. 1992); *Rodriguez v.*

2

*Banco Central*, 917 F.2d 664, 665-666 (1st Cir. 1990); *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1102 (2d Cir. 1988), *cert. denied*, 490 U.S. 1007 (1989); *Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.*, 828 F.2d 211, 220 (4th Cir. 1987); *see also Riddell v. Riddell Washington Corp.*, 866 F.2d 1480, 1489-1490 (D.C. Cir. 1989) (assuming, but not deciding, that injury discovery rule applies). We must so hold in order to remain consistent with several of our prior unpublished decisions. Furthermore, this approach is also consistent with our published precedent related to the question.

We have recently adopted the injury discovery rule in a string of unpublished decisions. In *Schwertz v. Zimburean*, No. 96-11155 (5th Cir. July 25, 1997) and *Cain v. Lawlis*, No. 96-11238 (5th Cir. July 15, 1997), we affirmed the district court's application of the injury discovery rule. *Schwertz* relied on *Cain* and on another recent unpublished decision, *Mitchell v. Bolan*, No. 96-11168 (5th Cir. 1997). *Cain* relied on *Schwertz* and also on *Mitchell*. *Mitchell*, in turn, affirmed a summary judgment on RICO claims for statute of limitation purposes "for essentially the reasons stated by the district court in its memorandum order." The district court in *Mitchell* expressly adopted the injury discovery rule. *Mitchell v. Bolan*, No. 4:95-CV-528-A (N.D. Tex. July 2, 1996) (McBryde, J.). Judge McBryde cited cases from the First, Second, Fourth, Seventh, and Ninth Circuits, and noted that he was "particularly impressed" with the reasoning employed by the First and Second Circuits in *Rodriguez* and *Bankers Trust*. *Mitchell*, No. 4:95-CV-528-A, slip op. at 10-11.

Contrary to Rotella's argument, our holding today does not conflict with our decisions in *Daboub v. Gibbons*, 42 F.3d 285 (5th Cir. 1995) and *LaPorte Const. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254 (5th Cir. 1986). Although *LaPorte* mentions accrual upon discovery of "the

fraud," 805 F.2d at 1256, and *Daboub* speaks in terms of the defendant's conduct, 42 F.3d at 291, neither case mentions or even implies a requirement of discovery of a pattern of racketeering activity with regard to the accrual of a civil RICO cause of action. As such, these cases are fully consistent with our adoption of the injury discovery rule of accrual for civil RICO actions.

Accordingly, we hold that Judge McBryde applied the correct rule of accrual in granting summary judgment based on the expiration of the statute of limitations. In so holding, we place the Fifth Circuit on record as in line with the First, Second, Fourth, Seventh, and Ninth Circuits' choice of the injury discovery rule of accrual for civil RICO causes of action. As such, we affirm the district court's decision below.

AFFIRMED.