# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

Lyle W. Cayce
Clerk

No. 09-40700
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID MARK HARDY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-76-4

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Mark Hardy challenges both his jury-trial conviction of conspiracy to possess with intent to manufacture or distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and his sentence of 360 months' imprisonment. Hardy contends: the evidence was insufficient to establish that the substance he distributed was methamphetamine and *not* a counterfeit substance; the district court clearly erred when it determined that the drug quantity involved in the offense was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

approximately 10 kilograms; the district court clearly erred by finding that he used a minor during the commission of the offense; and, his sentence was substantively unreasonable.

Hardy properly preserved his challenge to the sufficiency of the evidence. *See United States v. Resio-Trejo*, 45 F.3d 907, 910 n.6 (5th Cir. 1995). Accordingly, this challenge is reviewed *de novo*, but "[d]ue to the jury verdict of guilt, the evidence is viewed in the light most favorable to the government, which receives all reasonable inferences and credibility choices". *United States v. Fernandez*, 559 F.3d 303, 313 (5th Cir. 2009).

Hardy contends that the drug he distributed was *not* methamphetamine because, during his July 2006 traffic stop, police found him in possession of an informal list of equipment and ingredients that could be used in connection with making a substance similar in appearance to methamphetamine, but that was not a controlled substance, and there was no evidence that Hardy had the items on the list or that he actually manufactured either methamphetamine or a nonmethamphetamine substance. Regardless of whether Hardy *manufactured* methamphetamine, his co-conspirators' testimony showed that Hardy intended to *distribute* it, and that he did distribute methamphetamine obtained from other suppliers. The evidence, therefore, does *not* support Hardy's assertion that the conspiracy involved only a counterfeit substance in a sham transaction. *Cf. United States v. Murray*, 527 F.2d 401, 409 (5th Cir. 1976) (holding evidence of drug conspiracy insufficient where it only showed defendant intentionally sold lactose as heroin).

Hardy next challenges his within-guidelines sentence. Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its

2

factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

The district court found Hardy responsible for 9,475.9 grams of methamphetamine and assigned Hardy a base offense level of 36, which applies where the amount of methamphetamine attributable to a defendant is at least 5 kilograms but less than 15 kilograms. U.S.S.G. § 2D1.1(c)(2). Relying on the same facts with which he challenged his conviction, Hardy contends that, although the proof may have shown he distributed about ten kilograms of some substance, there was insufficient proof, in the absence of laboratory testing, that the substance he distributed was methamphetamine. The testimony of Hardy's coconspirators, who both used and distributed the methamphetamine they obtained from Hardy, was sufficient to establish that Hardy distributed at least five, but less than 15 , kilograms of methamphetamine. Accordingly, the district court's sentencing determination was not clearly erroneous.

Section 3B1.4 of the Sentencing Guidelines provides for a two-level adjustment "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense". The § 3B1.4 adjustment is not applicable if a minor is merely "present" during the commission of the offense. *See United States v. Molina*, 469 F.3d 408, 414-15 (5th Cir. 2006). Two witnesses' testimony established that Hardy cultivated a relationship with 16-year-old J.M., providing her with free methamphetamine. J.M. subsequently brought one of her friends, Trey Harvey, to Hardy's home to purchase methamphetamine. Harvey purchased methamphetamine, which Hardy handed to J.M. Harvey eventually became a user and distributor of Hardy's methamphetamine. In the light of these facts, the district court's sentencing determination was not clearly erroneous.

Because Hardy did *not* object to the substantive reasonableness of his sentence in the district court, review is limited to plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To establish reversible plain error, Hardy must show the district court committed a clear or obvious error that affected his substantial rights; even then, we have discretion whether to correct such error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009).

Hardy's challenge to the substantive reasonableness of his sentence is unavailing. The district court considered and implicitly rejected Hardy's contentions, stated it had carefully considered his criminal history, and determined that a sentence within the guidelines range was appropriate, based on the 18 U.S.C. § 3553(a) sentencing factors. Hardy's claims regarding his personal history and characteristics are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied,* 129 S. Ct. 624 (2008). He has not demonstrated that the district court's imposition of a sentence within the advisory guidelines range was error, plain or otherwise. *See Gall*, 552 U.S. at 51.

AFFIRMED.