# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40385
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2014

Lyle W. Cayce
Clerk

DAVID MARK HARDY,

Plaintiff-Appellant

v.

ERNEST GONZALEZ, Assistant United States Attorney; ROBERT GERARD ARAMBIDE, Public Defender; TOMMY MOORE, Paris Police Department; ANSEN AMIS, Lamar County Sheriff's Deputy; MIKE BOAZ, NLISD resource officer; HAROLD MCCLURE, Sulphur Springs Police Department; BRITTANY JUANITZ INGRAM, Lamar County resident; MICHAEL LUTZ, Immunized co-conspirator; DOES (NUMBERS 1-25),

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CV-766

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

David Mark Hardy, federal prisoner # 14486-078, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his civil action raising claims allegedly arising under the Racketeering Influenced and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40385

Corrupt Organizations Act (RICO), 18 U.S.C. § 1961.  Hardy was convicted by a jury of conspiracy to possess with intent to manufacture or distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and he was sentenced to 360 months of imprisonment.  His conviction and sentence were affirmed on direct appeal.  *United States v. Hardy*, 393 F. App'x 205 (5th Cir. 2010).  His 28 U.S.C. § 2255 motion was denied by the district court on October 12, 2012.  *Hardy v. United States*, 2012 WL 4863155 (E.D. Tex. 2012).

On November 1, 2012, Hardy filed this civil action against various people involved in his prosecution and conviction, alleging that the defendants "knowingly participated in offenses involving fraud connected with a case under Title 11, some of whose actions caused a sequence of events which forced HARDY and his wife into bankruptcy under Chapter 7, then corruptly, through acts of racketeering, attempted to cover it up."  Hardy filed bankruptcy in February 2006.  His bankruptcy was discharged on April 6, 2006.  Hardy was tried and convicted in November 2008.  He alleged that the actions of the defendants to prosecute him for a non-existent offense made them liable for his bankruptcy.

The district court determined that because Hardy had sued people associated with his conviction, and because the events occurring from 2005 to 2008 described in Hardy's complaint as violating RICO also resulted in his conviction, "a judgment in Hardy's favor would necessarily imply the invalidity of his conviction." The district court dismissed the complaint for failure to state a claim under 28 U.S.C. § 1915A(b)(1) as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Hardy had not shown that his conviction had been invalidated.  The district court further determined that even if *Heck* did not bar some of his claims, his claims would still have to be dismissed under the

2

two year statute of limitations, noting that the complained of events occurred in 2005 to 2008 and that his lawsuit filed in November 2012 was too late.

Hardy argues that the district court erred in dismissing his RICO claims as time barred by applying the two year personal injury statute of limitations. He notes that he filed his complaint on November 1, 2012, and he contends that the district court erred in using the date his complaint was docketed, November 26, 2012. He argues that a four year statute of limitations with an "injury discovery" accrual rule applies to his civil RICO claims, citing *Rotella v. Wood*, 147 F.3d 438 (5th Cir. 1998), *affirmed by*, 528 U.S. 549 (2000).

A dismissal for failure to state a claim upon which relief may be granted under § 1915A is reviewed under the same de novo standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Hardy is correct that the mailbox rule applies and that the filing date of his complaint was November 1, 2012. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995) (applying mailbox rule to prisoner's pro se civil rights complaint). Hardy certified that he delivered his complaint to prison authorities on November 1, 2012. He is also correct that a four year statute of limitations applies to civil RICO claims, and that such claims accrue when the injury is discovered. *See Rotella,* 528 U.S. at 552-55. However, if *Heck* applies to Hardy's claims, the statute of limitations issue need not be decided. *See Stephenson v. Reno,* 28 F.3d 26, 27-28 (5th Cir. 1994) (noting that if *Heck* applies, the claims have not yet accrued and so the statute of limitations is not a concern).

In *Heck v. Humphrey*, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a

prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. We applied *Heck* in *Stephenson v. Reno*, 28 F.3d at 27, a case in which a federal prisoner alleged civil rights violations and civil RICO claims. We determined that Stephenson's civil rights action constituted a challenge to the fact or length of his confinement and was barred by *Heck*. 28 F.3d at 27-28.

A close reading of his complaint shows that Hardy's RICO claims were focused on recovering damages for the loss of his employment and his bankruptcy, and that he was not seeking to invalidate his conviction. Whether a judgment in Hardy's favor necessarily implies the invalidity of his conviction under *Heck* is not clear. Assuming arguendo that Hardy's civil RICO claims are not barred by *Heck*, they are untimely, even applying the four year statute of limitations. Hardy alleged repeatedly that his injury was the loss of his employment and his bankruptcy, which occurred in 2005 and 2006. Applying the "injury discovery" rule for civil RICO claims adopted in *Rotella*, Hardy had four years from, at the latest, April 6, 2006, the date of discharge of his bankruptcy. Although Hardy argues that a "separate accrual" rule should apply, he does not identify any injury subsequent to the date of his bankruptcy in 2006. Thus, even applying the four year statute of limitations, Hardy's RICO claims in his complaint filed on November 1, 2012, are time barred. The district court did not err in dismissing Hardy's complaint under § 1915A(b)(1). *See Black*, 134 F.3d at 733-34.

Hardy's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous

and the district court's dismissal count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Hardy is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.